Submitted September 2, reversed November 9, 2016

In the Matter of C'W. L. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. R. H.,
*Appellant.*

Jackson County Circuit Court
15JU01905; A161980

384 P3d 172

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

Father appeals a judgment asserting jurisdiction over his daughter, arguing, in part, that the Department of Human Services (DHS) failed to prove, by clear and convincing evidence under the Indian Child Welfare Act, that any risk of harm to the child was current at the time of the jurisdictional hearing. The juvenile court took jurisdiction over the child based on allegations that mother and father failed to maintain a safe environment for the child because they exposed her to the production or manufacture of byproducts of marijuana, and an allegation that another child suffered a serious nonaccidental injury while in father's care. The court concluded that DHS failed to prove an allegation against mother related to the serious nonaccidental injury of the "other child," concluding that father had caused the injuries and mother had responded appropriately upon learning of the injuries.

DHS concedes on appeal that the record below is insufficient to prove that, at the time of the jurisdictional hearing, parents' past involvement in the "production or manufacture of byproducts of marijuana" created a *current* risk of harm to the child's welfare. DHS also concedes that, because the juvenile court dismissed the "only other allegation related to mother's ability to safely parent [the child]," we must reverse the juvenile court's judgment. *See Dept. of Human Services v. W. A. C.*, 263 Or App 382, 392, 328 P3d 769 (2014) (concluding that juvenile court jurisdiction is not warranted if a child has a parent who appears in the proceeding and is capable of caring for the child safely).

We agree with and accept DHS's concession. Accordingly, we reverse the jurisdictional judgment.

Reversed.